RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ____1____3____07____
BY _____DM_____

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

versus

VICTOR LAMOND THEUS

CRIMINAL NO. 06-50135-15
JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM ORDER

Before the court is a motion in limine filed by Victor Lamond Theus ("Theus") which includes a request for a hearing on the matter. See Record Document 278. For the reasons set forth below, Theus' motion in limine and request for a hearing are both **DENIED**.

In his motion, Theus asks the court to exclude three types of evidence that the government plans to introduce. First, he objects to the introduction of two insurance claims, both made by Theus and an alleged co-conspirator, that the government intends to introduce as intrinsic evidence of the conspiracy with which he is charged.[1] Theus states that the government has not charged him with fraudulent activity in either of these claims. He argues that there is a great risk that the jury will find guilt by association without proof of the necessary elements.

The government asserts that both claims are "conspiratorial overt acts pleaded in the indictment; and, thus are admissible as intrinsic evidence of the conspiracy." Record

---

[1] See Record Document 288, Attachment A.

1

Document 288. The government alleges that the first insurance claim involved a legitimate accident, but that Theus and his co-conspirator fraudulently added another individual as a passenger to enhance the claim's value. Regarding the second insurance claim, the government asserts that Theus purposefully inflicted damage on a co-conspirator's van to simulate hail damage, and then filed a claim against the policy. The court finds that evidence of these claims is intrinsic evidence of the conspiracy, and that such evidence should therefore be admissible. Accordingly, Theus' motion to exclude the two insurance claims is **DENIED.**

Next, Theus objects to the introduction of a state court case in which he pled guilty to insurance fraud for a claim involving an arson fire at an apartment complex. He argues that the act was not an intrinsic act because the conspiracy with which he is charged involves insurance claims for automobile accidents and not house fires. He asserts that the only relevance the evidence could possibly have is that it could be used to show that because he filed a false insurance claim before, he is more likely to have filed one in this case. Theus urges that this will create a great risk that the jury will want to convict him on the basis that he is a "bad person" instead of on the basis of a properly proved bad act.

The government contends that evidence of Theus' conduct in the arson fraud is probative of his "knowledge, intent, scheme, planning and modus operandi in the instant case." Record Document 288. The government asserts that the evidence is admissible under Federal Rule of Evidence 404 (b) because there are substantial parallels between the arson fraud and the instant case in that they both involve intentional damaging of property, false statements to police and insurance companies, and false property damage claims to insurance companies.

The Fifth Circuit has held that "[e]vidence of prior offenses is admissible if 'it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005) (citing United States v. Thomas, 348 F.3d 78, 86 (5th Cir. 2003) (quoting United States v. Peters, 283 F.3d 300, 312 (5th Cir. 2002))). The court finds that this prior state case in which Theus pled guilty is relevant to his intent, knowledge, scheme, and modus operandi as the government contends. Although the prior case involved arson and Theus' instant charges involve automobile accidents, the two are sufficiently similar. Furthermore, the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, Theus' motion to exclude evidence of this prior conviction is **DENIED.**

Finally, Theus argues that evidence of seven other insurance claims he made should be excluded because there is no indicia of illegal activity in any of the claims.[2] He asserts that these claims involve no allegations of fraud and that he will stipulate any facts the government seeks to prove by introducing such evidence. He further states that these claims are not needed to explain the actions of investigators, and that historical background alone is irrelevant here.

The government argues that the insurance claims Theus seeks to exclude will be offered as investigation background information and should be admissible to explain the actions of the investigators. See United States v. Parker, 133 F.3d 322, 328 (5th Cir. 1998) (Fifth Circuit has repeatedly approved the allowance of evidence for the limited purpose of establishing background information on why the investigation was started); see also

---

[2]See Record Document 288, Attachment B.

United States v. Regan, 103 F.3d 1072, 1082-83 (2d Cir. 1996) (holding that allegations of misconduct made by certain witnesses were not offered for their truth, but simply as "background evidence" of the events that led to the investigation which resulted in defendant's arrest); United States v. Hawkins, 905 F.2d 1489, 1495 (11th Cir. 1990) (consumer complaints admissible to explain why investigation was started). See Record Document 288.

The court finds that the seven insurance claims are admissible as background evidence for the limited purpose of explaining the actions of the investigators. Any undue prejudice such evidence may cause can be countered by a limiting instruction to the jury and by an appropriate cross-examination by Theus' attorney. Therefore, Theus' motion to exclude evidence of the seven prior insurance claims is **DENIED**.

**IT IS ORDERED** that Theus' motion in limine (Record Document 278) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ___3rd___ day of January, 2007.

_____
**S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT JUDGE**

4